UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| DIANE RENFROE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CDJR KNOXVILLE, LLC d/b/a SECRET CITY CHRYSLER DODGE JEEP RAM, a Tennessee limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff Diane Renfroe ("Plaintiff") brings this action against Defendant CDJR Knoxville, LLC d/b/a Secret City Chrysler Dodge Jeep Ram ("Secret City" or "Defendant") to secure redress for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (the "TCPA"), and, in support thereof, alleges as follows:

### NATURE OF THE ACTION

1. This is a putative class action pursuant to the TCPA.

2. Secret City owns and operates a new and used car dealership in Oak Ridge, Tennessee.

3. In order to gain an unfair advantage over its competitors and to promote its goods and services, Defendant engaged in an unsolicited telemarketing campaign without any regard for individual privacy rights, harming thousands of consumers in the process.

4. This case arises from Defendant's transmission of prerecorded messages to the cellular telephones of Plaintiff and others similarly situated in order to solicit and promote Defendant's goods and services.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct that has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily lives of Plaintiff and thousands of other similarly situated consumers.

6. Plaintiff also seeks statutory damages on behalf of herself and members of the putative class, and any other available legal and/or equitable remedies.

**PARTIES**

7. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Oak Ridge, Tennessee.

8. Defendant Secret City is a Tennessee limited liability company whose principal office is located at 1005 Oak Ridge Turnpike, Oak Ridge, Tennessee 37830. Defendant directs, markets, and provides its business activities in the State of Tennessee. Upon information and belief, Defendant is not a tax-exempt non-profit organization.

**JURISDICTION AND VENUE**

9. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 in damages for each prerecorded call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5 million threshold for federal court jurisdiction under the Class Action

Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

10. Venue is proper in the United States District Court for the Eastern District of Tennessee, Northern Division, pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this District thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff and other members of the Class occurred within the State of Tennessee, thereby subjecting Defendant to jurisdiction in the State of Tennessee.

## **THE TCPA**

11. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

12. The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13. In an action brought under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of

the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis added).

16. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

17. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

18. "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

19. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Id.* (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

20. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future*. *Id*.

21. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

22. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

23. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical*

*Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FACTUAL ALLEGATIONS

24. On or about October 29, 2018, Defendant caused a call with a prerecorded message to be transmitted to Plaintiff's cellular telephone number ending in 2999 (the "2999 Number").

25. Because Plaintiff did not answer her telephone after it rang, a voicemail containing a prerecorded message was left on Plaintiff's phone.

26. The following is a transcript of Secret City's prerecorded message that was delivered to Plaintiff's voicemail box:

> Good afternoon: This is Gary with Secret City Chrysler Dodge Jeep and Ram. I'm sorry I missed you. I was calling with some great news. I have specifically selected you during our 2018 model year-end clearance event to purchase with zero down-payment. Receive 0% financing for up to 72 months, up to $12,000 off any new car in stock, or up to $4,000 over Kelley Bluebook for your trade. This October is the biggest sale of the year! Just for stopping by, you'll receive a free smart wash, no purchase necessary—our gift to you just for coming in. I'm Gary with Secret City Chrysler Dodge Jeep and Ram. Call me to meet with me personally at (865) 482-7670. That number again is (865) 482-7670. Thank you.

27. Upon information and belief, the individual speaking in the above prerecorded message is Gary Burchfield, the General Manager and owner of Secret City.

28. The prerecorded call at issue, which was left as a voicemail, was transmitted to Plaintiff's cellular telephone and within the time frame relevant to this action.

29. When Plaintiff listened to the voicemail she was easily able to determine that it was a prerecorded message. *Rahn v. Bank of Am.*, No. 15-cv-4485-ODE, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

30. Defendant's prerecorded call constitutes telemarketing because it encourages the future purchase or investment in property, goods, and/or services, i.e., requesting Plaintiff to visit Defendant's car dealership and purchase a new car.

31. In short, the prerecorded message constitutes telemarketing because it ultimately leads to the promotion of Secret City's goods and services.

32. The prerecorded call that Plaintiff received originated from a telephone number owned and/or operated by, or on behalf of, Defendant.

33. Plaintiff received the subject call with a prerecorded voice within this judicial District and, therefore, Defendant's violation of the TCPA occurred within this District. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial District.

34. Plaintiff never provided Defendant with her express written consent to be contacted with a prerecorded call.

35. Plaintiff is the subscriber and sole user of the 2999 Number and is financially responsible for phone service to the 2999 Number.

36. Defendant's prerecorded call was sent to a cellular telephone with an "865" area code, which means Defendant knew, or should have known, that it was making calls into this District. The 865 area code serves Knoxville, Tennessee and the nine surrounding counties in central East Tennessee: Anderson, Blount, Grainger, Jefferson, Knox, Loudon, Roane, Sevier, and Union.

37. Defendant's unsolicited prerecorded call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's prerecorded calls also inconvenienced Plaintiff and caused disruption to her daily life

each time she received a call. *See Patriotic Veterans, Inc. v. Zoeller,* No. 16- 2059, 2017 WL 25482, at *2 (7th Cir. Jan. 3, 2017) ("Every call uses some of the phone owner's time and mental energy, both of which are precious.").

## CLASS ALLEGATIONS

### PROPOSED CLASS

38. Plaintiff brings this case as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself and all others similarly situated.

39. Plaintiff brings this case on behalf of a putative class (the "Class"), defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, from Defendant, or anyone acting on Defendant's behalf, to said person's cellular telephone number, without emergency purpose and without the recipient's prior express written consent.**

40. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

41. Upon information and belief, Defendant has placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

42. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

43. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

   (a) Whether Defendant made non-emergency prerecorded telemarketing calls to Plaintiff's and Class members' cellular telephones;

   (b) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

   (c) Whether Defendant's conduct was knowing and willful;

   (d) Whether Defendant is liable for damages, and the amount of such damages; and

   (e) Whether Defendant should be enjoined from such conduct in the future.

44. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the putative Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

45. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

46. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

47. In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff

and her counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to those of the other members of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

48. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49. The prosecution of separate actions by members of the putative Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the Class)**

50. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

51. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service ….” 47 U.S.C. § 227(b)(1)(A)(iii).

52. Defendant – or third parties directed by Defendant – transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

53. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

54. Defendant has, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express consent.

55. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

56. As a result of Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

57. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to Section 227(b)(3) of the TCPA.

## COUNT II
### Knowing and/or Willful Violation of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiffs and the Class)

58. Plaintiff re-allege and incorporates the foregoing allegations as if fully set forth herein.

59. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

60. Defendant knew that it did not have prior express consent to transmit artificial or prerecorded voice calls, and knew or should have known that its conduct was a violation of the TCPA.

61. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its prerecorded calls, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

62. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff Diane Renfroe, individually and on behalf of all members of the putative Class, pray for the following relief:

(a) A declaration that Defendant's practices described herein violated the Telephone Consumer Protection Act, 47 U.S.C. § 227;

(b) An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones without the prior express permission of the called party;

(c) An award of actual and statutory damages; and

(d) Any and other such relief that the Court may deem just and appropriate.

# JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  March 19, 2019                          Respectfully submitted,

                                                            s/Gregory F. Coleman
Gregory F. Coleman, TN BPR No. 14092
Adam A. Edwards, TN BPR No. 23253
Mark E. Silvey, TN BPR No. 13415
Lisa A. White, TN BPR No. 26658
William A. Ladnier, TN BPR No. 34316
**GREG COLEMAN LAW PC**
First Tennessee Bank
800 S. Gay Street, Suite 1100
Knoxville, Tennessee 39729
T: 865-247-0080
F: 865-522-0049
greg@gregcolemanlaw.com
adam@gregcolemanlaw.com
mark@gregcolemanlaw.com
lisa@gregcolemanlaw.com
will@gregcolemanlaw.com

Andrew J. Shamis, Esq. *(pro hac vice forthcoming)*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 1205
Miami, Florida 33132
T: 305-479-2299
F: 786-623-0915
ashamis@shamisgentile.com

Scott Edelsberg, Esq. *(pro hac vice forthcoming)*
Jordan D. Utanski, Esq. *(pro hac vice forthcoming)*
Florida Bar No. 119432
**EDELSBERG LAW, P.A.**
2875 191st Street, Suite 703
Aventura, FL 33180
T: 305-975-3320
scott@edelsberglaw.com
utanski@edelsberglaw.com

*Counsel for Plaintiff*